**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-50901**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**BIVIAN VILLALOBOS-MADRID,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(No. MO-95-CA-186-F)**
_____

January 7, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Bivian Villalobos-Madrid, federal inmate #48546-080, appeals the dismissal of his 28 U.S.C. § 2255 motion for abuse of the § 2255 procedure. He contends that he did assert sufficient cause to overcome his failure to raise his new grounds in his initial § 2255 motion. (We assume, without deciding, that the recent Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), and Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), do not apply.)

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

For essentially the same reasons as adopted by the district court, there was no abuse of discretion in the court's dismissal. *See **United States v. Flores***, 981 F.2d 231, 235-36 (5th Cir. 1993). Moreover, Villalobos-Madrid's contention raised for the first time on appeal, that his initial § 2255 motion should have been construed as including his subsequent ineffective-assistance claim, does not amount to plain error.

**AFFIRMED**